FILED
FEB 05 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 00-40069 |
| Plaintiff, | \* | |
| v. | \* | ORDER |
| ANDREW GOLTZ, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Before the Court is Defendant Andrew Goltz's Motion to Amend/Correct Judgment. Goltz was convicted of the crime of Wrecking Trains under 18 U.S.C. § 1992. On May 21, 2002, this Court entered judgment against Goltz, Doc. 60, and sentenced him to twenty-five years imprisonment. Goltz has served fourteen years of that sentence. In a letter from Goltz to the Court filed on February 2, 2015, he argues that Amendment 699 of the United States Sentencing Guidelines favors a reduction of sentence and requests the Court enter such an order, Doc. 75. Goltz, however, cites to no authority showing such a reduction is warranted. Amendment 699 itself states that the reasons for the amendment was to "implement[] various provisions of the USA PATRIOT Improvements and Reauthorization Act of 2005 . . . (the 'Patriot Reauthorization Act') and the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users . . . ('SAFETEA-LU')." U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 699 (2007). The Amendment then explains that the Patriot Reauthorization Act "created several new offenses and increased the scope of or penalty of several existing offenses. SAFETEA-LU also created two new offenses. This amendment references both the new statutes and those with increased scope and penalties to existing guidelines." *Id.*

In that Goltz cited only to Amendment 699, the Court is not persuaded that a reduction of Goltz's sentence is possible. Once the Sentencing Guidelines were no longer mandatory, those decisions were not retroactive. *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *Ring v.*

1

*Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Jones v. U.S.*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). Amendment 699 does nothing to change that fact. Instead, the reasons for Amendment 699's enactment are that the Amendment operates to enhance the scope of the Sentencing Guidelines, not lessen them. *See e.g., U.S. v. Tolliver*, 570 F.3d 1062, 1065 (8th Cir. 2009) (quoting U.S.S.G. § 1B1.10(a)(2)(B)) ("According to the relevant policy statement, a reduction is not authorized where the amendment in question, in this case Amendment 706, 'does not have the effect of lowering the defendant's applicable guideline range.'"); *U.S. v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010) (quoting 18 U.S.C. § 3582(c)(2) and United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(a)(2)(B)) ("Pursuant to section 3582(c)(2), a district court may reduce a defendant's sentence if it was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.' . . . [A] reduction is not authorized where Amendment 706 'does not have the effect of lowering the defendant's applicable guideline range.'"). The Court has no jurisdiction to consider whether or not there should be any reduction of the sentence imposed in 2002. Accordingly,

IT IS ORDERED that Defendant Goltz's Motion to Amend/Correct Judgment, Doc. 75, is denied.

Dated this 5th day of February, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
   Deputy

2